IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-05-693 |
| | § | |
| FELIPE ESPINOSA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING WITHOUT PREJUDICE  LETTER MOTION
FOR TRANSCRIPTS AND FOR APPOINTMENT OF COUNSEL**

Pending before the Court is a letter motion filed by Defendant Felipe Espinosa ("Espinosa" or "Defendant") and received by the Clerk on January 31, 2008. (D.E. 50.) In his motion, Espinosa requests that he be given free copies of the transcripts from his case and that asks that counsel be appointed to represent him. Although he does not explicitly state it, his motion suggests that he seeks the transcripts and counsel in order to file a collateral attack on his conviction or sentence.[1] He claims that he has sought the transcripts from his attorney in the criminal proceedings, Michele Villarreal-Kuchta, but that she has not responded to his requests.

---

[1] Espinosa explains that he wants to pursue the "collated appeal process" (see D.E. 50 at 1), which the Court presumes to be a reference to collateral attack on his conviction or sentence, such as a motion pursuant to 28 U.S.C. § 2255.

1

## I. BACKGROUND

Notably, Espinosa has no active proceedings before this Court warranting the appointment of counsel or the copying of transcripts at government expense. Espinosa pleaded guilty to the sole count of the superseding indictment against him, which charged him with conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (D.E. 19, 24.) He was sentenced on April 19, 2006, to 120 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term. (D.E. 30, 31.) The Court also imposed a $100 special assessment. (D.E. 30, 31.)

Espinosa timely appealed and the Fifth Circuit affirmed in a per curiam opinion issued on November 9, 2007. (D.E. 48.) According to the Fifth Circuit's docket sheet in his case, Espinosa has not yet filed a petition for writ of certiorari. (See generally docket sheet in United States v. Espinosa, No. 06-10710 (5th Cir.).) Additionally, he has not yet filed a motion pursuant to 28 U.S.C. § 2255, or any other post-conviction motions, other than the pending motion for transcripts and appointment of counsel.

## II. MOTION FOR TRANSCRIPTS

Assuming that Espinosa could establish that he is indigent,[2] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances.

---

[2] Espinosa has not yet submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to whether Espinosa is, in fact, indigent.

See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

As noted, Espinosa's appeal has been denied by the Fifth Circuit and he does not have a pending suit before the Court. Although he apparently seeks the transcripts in order to file a § 2255 motion, no such motion has yet been filed. Accordingly, he fails to meet the statutory requirements for free transcripts or documents. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, Espinosa's motion for transcripts at government expense is DENIED WITHOUT PREJUDICE. In the event that he files a § 2255 motion, he may then request again copies of specific documents or transcripts. The Court further notes that Espinosa is not precluded from filing a § 2255 motion merely because he does not have transcripts from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts.

If Espinosa is interested in receiving specific transcripts or documents at his own expense prior to filing his § 2255 motion, he may contact the Clerk to request them. To that end, the Clerk is directed to provide him with a copy of the docket sheet in his case, as well as instructions as to how to order transcripts or to purchase copies of records.

### III.    MOTION FOR APPOINTMENT OF COUNSEL

Likewise, Espinosa has not shown any entitlement to counsel.  Although Espinosa apparently seeks counsel to assist him in filing a § 2255 motion, there is no constitutional right to counsel in § 2255 proceedings. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted).  There are certain situations in the course of § 2255 proceedings in which the Court is required to appoint counsel.  See, e.g., RULES GOVERNING § 2255 PROCEEDINGS 8(c) (requiring that counsel be appointed upon determination that an evidentiary hearing is required); id at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery").  Because Espinosa has not yet filed a § 2255 motion, however, none of those situations are present here.  Thus, Espinosa is not entitled to counsel.

For the foregoing reasons, Espinosa's motion for appointment of counsel is DENIED WITHOUT PREJUDICE.  If Espinosa files a § 2255 motion and an evidentiary hearing is ordered, or discovery warranting the appointment of counsel is required, the Court will *sua sponte* appoint counsel to assist Espinosa.

## IV.  CONCLUSION

For the reasons set forth above, Espinosa's letter motion for transcripts and for appointment of counsel is DENIED WITHOUT PREJUDICE.  Additionally, the Clerk is directed to provide him with a copy of the docket sheet in his case, as well as instructions as to how to order copies of his transcripts.

ORDERED this 8th day of February, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE