IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-693 (1) |
| | § | |
| FELIPE ESPINOSA, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO CORRECT SENTENCE**

Pending before the Court is Defendant Felipe Espinosa's "Motion Under 18 U.S.C. § 3585(a) and (b)(1) and (2)" to Correct Judgment, received by the Clerk on May 26, 2009. (D.E. 53.) In it, Espinosa complains that a "terrible mistake" has been made in his sentencing and that his federal sentence should be run concurrent with his later-imposed state sentence. He explains that the state court judge specifically ruled that his sentences in the two cases before him should run concurrently to his federal sentence in this case.

He complains that the Bureau of Prisons ("BOP") is computing his federal sentence as beginning on December 3, 2007, the date he was released from state custody on parole and transferred to federal custody. He claims that the start date of his federal sentence should be either November 10, 2005, the date he was arrested, or, in the alternative on April 19, 2006, the date his federal sentence was imposed.

**I. BACKGROUND**

Espinosa was sentenced in the instant case on April 19, 2006, when he was in federal custody pursuant to a writ. Much of the sentencing was spent on testimony and argument

as to whether Espinosa should receive an increase for a leadership role in the offense. (D.E. 42, Sentencing Transcript ("S. Tr.") at 2-29.) The Probation Officer believed one was warranted; the United States and Defendant disagreed with Probation. Ultimately, the Court determined that a leadership role increase was not warranted. (S. Tr. at 29.) This resulted in a total offense level, after acceptance of responsibility, of 31. The Court further determined that Espinosa qualified for safety valve relief, which reduced his offense level to 29. (S. Tr. at 30, 33.) Coupled with his criminal history category of I, the advisory guideline range was 87 to 101 months. (S. Tr. at 33-34.) The Court imposed a non-guidelines sentence of 120 months. (S. Tr. at 34-35; D.E. 31.) Espinosa appealed and the Fifth Circuit affirmed. (D.E. 33, 47-48.)

Significantly, Espinosa's Presentence Investigation Report noted that he was in federal custody on a writ and also referenced the pending state charges against him. (PSR at p. 1 & at ¶ 33.) Thus, the Court was aware of the pending state charges against Espinosa at the time of sentencing.

After his sentence was imposed in the instant case, Espinosa apparently was returned to Texas authorities and sentenced to 7 years in state custody on June 15, 2006 on the charge of possession of marijuana. He was released on parole on December 3, 2007 and began

service of his federal sentence at that time.[1] Essentially, Espinosa seeks a retroactive designation of his state place of confinement so that the time he served on his state sentence there will also count toward his federal sentence. A retroactive designation would give Espinosa approximately 13 months credit on the remainder of his federal sentence.

## II. ANALYSIS

### A. Characterization of Motion

As an initial matter, the Court must determine how to construe Espinosa's claim for relief. To the extent Espinosa seeks to challenge the manner in which the Bureau of Prisons is computing his sentence, such a challenge is properly brought in a motion pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration"); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

---

[1] These facts were set forth in a letter from Delbert G. Sauers with the BOP to this Court in January 2009, which was docketed in this case. (D.E. 52.) In that letter, the BOP explained that it was considering Espinosa's request for credit toward his federal sentence for time spent in state custody. According to the letter, the BOP was, at that time, is in the process of deciding whether to retroactively designate the place Espinosa served his state sentence as a place for service of his federal sentence. If the BOP made that retroactive designation, the result would be that Espinosa's federal and state sentences would essentially be run concurrently. The BOP requested the Court's position on a retroactive designation in this case. (D.E. 52.) After careful review and consideration of the letter, the Court determined that it did not need to provide a response, and thus did not respond.

Although Espinosa's motion contains allegations that the BOP is improperly calculating his sentence, the Court declines to construe his motion as a petition under 28 U.S.C. § 2241. As an initial matter, according to the return address on his latest filing, Espinosa is currently incarcerated in FCI Big Spring, which is in the Northern District of Texas. Thus, this Court would not be the proper court to consider such a motion. See Pack, 218 F.3d at 451 (§ 2241 motions should be brought in the district where the petitioner is incarcerated). If Espinosa wants to challenge the BOP's computation of his sentence, he should file a § 2241 petition in that district, after exhausting his administrative remedies. See United States v. Wilson, 503 U.S. 329, 335 (1992) (the law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence).

To the extent Espinosa claims that there was an error in the imposition of his federal sentence, however, and seeks "correction" of his sentence, the Court addresses his claim herein. As set forth herein, the Court determines that Espinosa is not entitled to relief in the form of a "correction" of his sentence.

**B.      Claim of Error At Sentencing**

As an initial matter, if Espinosa is alleging the Court at erred at sentencing, this is a claim that he should have raised on direct appeal or by means of a motion to vacate, set side, or correct sentence pursuant to 28 U.S.C. § 2255. Espinosa did not appeal. He also has not filed a § 2255 motion and the time for doing so has now passed.

Moreover, his claim that his sentence in the instant case should run concurrently with his later-imposed state sentence finds no support in the record of this case. As an initial matter, it is important to note that, unlike some other federal appellate courts, the Fifth Circuit has held that a sentencing court has the authority to order that a federal terms of imprisonment run concurrent with a yet-to-be-imposed state sentence. <u>United States v. Hernandez</u>, 234 F.3d 252, 256 (5th Cir. 2000) (citing <u>See</u> <u>United States v. Brown</u>, 920 F.2d 1212, 1217 (5th Cir. 1991) (per curiam), which stated that under 18 U.S.C. § 3584 the district court may order that a federal term of imprisonment run either concurrent with or consecutive to an anticipated state sentence); <u>see also</u> <u>United States v. Mayotte</u>, 249 F.3d 797, 799 (8th Cir. 2001) (noting split in the circuits and that the Second, Fifth, Tenth, and Eleventh Circuits have concluded that a district court may impose a sentence to be served consecutively to a yet-to-be-imposed state sentence, while the Sixth, Seventh, and Ninth Circuits have concluded that it may not).

The judgment in this case does not specify whether Espinosa's sentence is to run concurrently or consecutively to any other sentence. The only remaining question, then, is whether the Court's silence in the judgment in this case means that the sentences run consecutively. On this issue, the Fifth Circuit has held as follows:

> Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently. 18 U.S.C. § 3584(a). ... A district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively. Accordingly,

> [the defendant's] state and federal sentences ran consecutively, because the district court did not order otherwise.

Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original). See also 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Although the foregoing quotation from Free seems straightforward, its application is somewhat murky in a case, like this one, in which the state sentence has not yet been imposed at the time the federal sentence is imposed. The Free Court was faced with a previously-imposed state sentence, not a future one.

The reason this distinction matters is that an earlier sentence in 18 U.S.C. § 3584(a) refers to "undischarged" sentences. The entirety of the provision reads as follows:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

At least two federal appellate courts have held that the third sentence of the provision, relied on in Free, must be read as a clarification of the first sentence, which refers to an "undischarged term of imprisonment." That is, the presumption of consecutive sentences is

6

applicable only in cases where the federal sentence is being imposed and the defendant is already subject to another sentence, not in cases where a federal court is sentencing a defendant that is also subject to an anticipated state sentence. See United States v. Quintero, 157 F.3d 1038, 1040-41 (6th Cir. 1998); United States v. Clayton, 927 F.3d 491, 492-93 (9th Cir. 1991); see also McCarthy v. Doe, 146 F.3d 118, 121-22 (2d Cir. 1998) ("As defendant was neither subjected to multiple terms of imprisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed, the presumption that terms of imprisonment imposed at different times run consecutively does not apply to him.")

Although the Fifth Circuit has not issued a published decision in which it applied the presumption of consecutive sentences in a case where the federal sentence was imposed and then a ***subsequent*** state sentence was imposed, the combined force of Hernandez, Brown and Free suggests that the presumption applies. Moreover, two unpublished Fifth Circuit decisions have so held. See, e.g., Waters v. United States, 2009 WL 1424016, *1 (5th Cir. May 21, 2009) (lower court correctly relied on 18 U.S.C. § 3584(1) and Free to determine that the federal sentencing court's silence on whether defendant's federal sentence should run consecutive or concurrent to an anticipated state sentence indicated that the terms were to run consecutively) (unpublished); Aldridge v. Wendt, 149 Fed. Appx. 253, 2005 WL 2055929 (5th Cir. Aug. 26, 2005) (unpublished).[2]  Numerous lower courts within the Fifth Circuit

---

[2] The factual background of the case is set forth in the magistrate judge's recommendation, Aldridge v. Wendt, 2004 WL 1217934 (N.D. Tex. June 3, 2004), which was adopted by the district court, Aldridge v. Wendt, 2004 WL 1368275 (N.D. Tex. June 16, 2004).

have also applied the rule in Free to hold that the failure of the federal sentencing court to specify that the federal sentence is to run concurrently to an anticipated state sentence results in the designation of a consecutive sentence.  See, e.g., United States v. Kellogg, 2006 WL 1312479, *2 (W.D. La. May 11, 2006); Lisby v. Joslin, 2005 WL 3148607, *2  (N.D. Tex. Nov. 22, 2005).

In the absence of any published authority from the Fifth Circuit directing the Court on this issue, the Court concludes that Waters, Aldridge and the lower court decisions cited above are persuasive and consistent with Fifth Circuit authority.  Thus, the silence of the judgment in the instant case implicates the rule in Free.  Espinosa's federal sentence was ordered to run consecutively to his state sentence, not concurrently.

**C.      Request to Adjust Sentence**

Having determined that the judgment orders that Espinosa's sentence be served consecutive to any future state sentence, his request that this Court run the sentences concurrent can only be construed as a motion to alter or reduce his sentence.  This Court has authority to modify or  correct a previously imposed sentence, however, only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been

subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See 18 U.S.C. § 3582(c).

Espinosa fails to assert grounds for modification that fall into any of the categories. Therefore, the Court does not have authority to alter his sentence and his motion, to the extent it seeks a change in his criminal sentence and judgment, (D.E. 53 ) is DENIED.

### III. CONCLUSION

For all of the foregoing reasons, to the extent that Espinosa seeks to challenge the BOP's computation of his sentence, the proper vehicle for doing so is a petition pursuant to 28 U.S.C. § 2241, which should be filed in the district where he is incarcerated. To the extent he seeks the "correction" of his sentence or an order from this Court that his sentence in this case should run concurrently with the sentence in his later-imposed state sentences, he is not entitled to relief. His motion (D.E. 53) is therefore DENIED.

It is so ORDERED this 22nd day of August, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE